IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AV MEDIA, PTE, LTD., et al.,

    Plaintiffs,

v.

OMNIMOUNT SYSTEMS INC.,

    Defendant.

No. C 06-03805 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 29, 2006 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively DENIES** Defendant's motion to transfer venue.

The parties shall have 15 minutes to address the following questions:

1. Unless the balance of convenience is strongly in favor of the defendant, plaintiff's choice of forum should not, or should rarely be disturbed. Even considering the fact that here Plaintiffs' choice of forum is entitled to less weight because they are foreign companies and the dispute did not arise in this district, does OmniMount meet its heavy burden of showing a clear balance of inconveniences to it should the Court deny the motion? Do OmniMount's arguments regarding transfer essentially seek to shift the balance of convenience or equalize the relative inconvenience? Is this proper?

2. In light of *Batson. v. Kentucky*, 476 U.S. 79 (1986), which prohibits reliance on race-based generalizations in the selection of jurors, how can the Court premise any determination of the appropriate forum on the Plaintiffs' selection of this district due to its large Asian-American population? *See Boyd v. Snyder*, 44 F. Supp. 2d 966, 973-74 (N.D. Ill. 1999).

3. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: September 28, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE