IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AV MEDIA, PTE, LTD., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>OMNIMOUNT SYSTEMS, INC.,<br><br>　　　　Defendant. | No. C 06-3805  JSW<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE** |

　　　Now before the Court is the motion filed by Defendant OmniMount Systems, Inc. ("OmniMount") to transfer venue to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a).  Having considered the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS OmniMount's motion to transfer venue.

## BACKGROUND

　　　Plaintiff AV Media, Pte, Ltd. ("AVM") is a Singapore corporation, with a principal place of business in Singapore.  AVM is a manufacturer and seller of audio visual mounting equipment and related goods. (Compl., ¶ 4.)  Plaintiff KSM (Hong Kong), Ltd. ("KSM-HK") is a Hong Kong Corporation, with a principal place of business in Hong Kong.  (Compl., ¶ 5.)   Plaintiff Kunshan Media Equipment Company, Ltd. ("KSM-China") is a Chinese corporation, with a former principal place of business in China and no current principal place of business.  (Compl., ¶ 6.)  Plaintiff Gallop High Investment, Ltd. ("Gallop") is a company of the British Virgin Islands, with a principal

1

place of business in Singapore. Gallop is the owner of KSM-China. (Compl., ¶ 7.) Defendant OmniMount is an Arizona Corporation with a principal place of business in Phoenix, Arizona. OmniMount bought audiovisual mounting equipment and related goods from AVM and is a wholesaler of these goods. (Compl., ¶ 8.)

Plaintiffs allege breach of contract and conspiracy claims. (Compl., ¶¶ 10-16.) The parties dispute whether the crux of this litigation has a meaningful connection to California. OmniMount contends that the dispute between the parties arises from events that occurred in either Asia or Arizona and have "little connection to California." (Br. at 3.) Plaintiffs maintain that many of the events at issue took place in California. Specifically, Plaintiffs contend that the parties' business relationship began with dealings between their affiliate AB Universal, a California corporation, and OminMount, including a credit application OmniMount submitted to AB Universal's California office. (Reply Br. at 2-3.) Plaintiffs also argue the goods for which they allege OmniMount did not pay were shipped via ports in California and were sold by OmniMount to various retail outlets in California. (*Id*. at 3-4.)

**ANALYSIS**

OmniMount seeks to transfer this action to the District of Arizona. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice. As the moving party, OmniMount bears the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In order for a district court to transfer an action under section 1404, a court must make the following two findings: (1) that the transferee court is one where the action "might have been brought;" and (2) that the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v.*

2

*Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). There is no dispute in this case that the Plaintiffs could have brought this suit in the District of Arizona. Accordingly, OmniMount has met its burden on this prong.

To determine whether OmniMount has met its burden on the second prong, the Court considers the following factors: Plaintiffs' choice of forum; convenience of the parties and witnesses; ease of access to sources of proof; local interest in the controversy; familiarity of each forum with the applicable law; and relative congestion in each forum. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

**1.     Plaintiffs' Choice of Forum.**

Typically, a court should give a plaintiff's choice of forum great deference unless the defendant can show that other factors of convenience clearly outweigh the plaintiff's choice of forum. *Decker Coal*, 805 F.2d at 843. There are, however, factors that diminish the deference given to a plaintiff's choice of forum.

For instance, "in contrast to the strong presumption in favor of a domestic plaintiff's forum choice, 'a foreign plaintiff's choice deserves less deference.'" *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000) (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 256 (1981)). "The policy behind not deferring to a nonresident plaintiff's choice of venue appears tied into the notion that plaintiffs should be discouraged from forum shopping." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1107 (N.D. Cal. 2001). Moreover, if there is any indication that a plaintiff is forum shopping, its choice will be given little deference. *Id.* at 1106.

In addition, the Court takes note that Plaintiffs' admitted motivation for filing suit in San Francisco was based in part on race-based generalizations which is an impermissible basis for forum selection. *See Boyd v. Snyder*, 44 F. Supp. 2d 966, 973-74 (N.D. Ill. 1999). The Court may not base a transfer decision in any part on Plaintiffs' argument that a greater Asian-American jury pool in this district is advantageous to them. *See id.* (citing *Batson v. Kentucky,* 476 U.S. 79, 89 (1986)) ("Just as *Batson v. Kentucky*, and its progeny prohibit parties from using their peremptory challenges 'on

the assumption that black jurors as a group will be unable to impartially consider that State's case against a black defendant,' the court cannot base a transfer decision on the assumption that black jurors will be more sympathetic to black plaintiffs.") (internal citation omitted); *see also* Barbara D. Underwood, *Ending Race Discrimination in Jury Selection: Whose Right is it, Anyway?*, 92 Colum. L. Rev. 725, 733 (1992) ("Surely a Court that prohibits litigants from relying on a race-based generalization to challenge jurors should not rely on that same generalization itself.").

Lastly, a plaintiff's choice of forum is afforded lessened deference when the facts giving rise to the action have little connection to the forum of original selection. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). The Court finds that the parties never met or negotiated the disputed purchase orders in California. Although orders were shipped through California ports and some preliminary negotiations were processed in this jurisdiction, the Court finds that the facts giving rise to the underlying causes of action have no material connection to this forum.

As deference accorded to a Plaintiff's choice of forum decreases, a defendant's burden to upset the plaintiff's choice of forum also decreases. *Chodock v. American Economy Ins.* Co., 2005 WL 2994451, *3 (D. Ariz. 2005) (quoting *Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 482 (D. Del. 1987)) ("[W]hen the plaintiff chooses a forum which has no connection to the plaintiff himself or the subject matter of the suit . . . the burden on the defendant is reduced and it is easier for the defendant to show that the balance of convenience favors transfer.").

Plaintiffs' choice of forum is entitled to little deference, and the Defendant's burden to make a strong showing of inconvenience is significantly reduced. On this record, the Court finds this factor weighs in favor of transfer.

**2.     The Convenience of the Parties and Witnesses.**

In addition to considering plaintiff's choice of forum, the Court takes into account the relative convenience to all the parties and their witnesses. *Gulf Oil*, 330 U.S. at 508. OmniMount argues that it would be more convenient for it to litigate this matter in Arizona, because all of the relevant witnesses and documents are either located in Arizona or Asia. (Br. at 9-11.) Also, OmniMount contends that because no party maintains a presence in California, litigating this matter

4

1 in California would greatly increase defense litigation costs and create unnecessary logistical
2 difficulties. (*Id.* at 11.) Plaintiffs contend that, as entities based in Asia, it is more convenient for
3 them to litigate in California because traveling from Asia to California is more convenient than
4 traveling from Asia to Arizona. To support this argument, Plaintiffs declare that there are more
5 flights to San Francisco than to Phoenix and there are many direct flights to San Francisco but none
6 to Phoenix. (Berman Decl. ¶¶ 11-18; Tan Decl. ¶¶ 23-24.)

7 Neither party has identified any third party witnesses. Plaintiffs admit that most of their
8 witnesses will be traveling from Asia. (Tan Dec. ¶ 23.) OmniMount has named ten witnesses who
9 are all its employees, and whom they contend will offer relevant testimony about the dispute
10 between the parties. (Miller Decl. ¶ 23.)

11 The convenience of Omnimount's party witnesses is entitled to little weight because the
12 witnesses are employees of the party seeking transfer, and OmniMount will be able to compel their
13 testimony at trial. *See, e.g., Ashmore v. N.E. Petroleum Div. of Cargill, Inc.,* 925 F. Supp. 36, 38 (D.
14 Me. 1996) ("a defendant's motion to transfer under section 1404(a) may be denied when the
15 witnesses are employees of the defendant and their presence may be obtained by the party").
16 However, the convenience of Plaintiffs and their witnesses is not entitled to any weight, because the
17 Court does not consider the convenience of parties and witnesses who are located outside both the
18 current and transferee fora. *See Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 484-85 (D.
19 N.J. 1993) (finding that plaintiff, a Japanese corporation, was "already inconvenienced by having to
20 travel thousands of miles from their homes to testify" and traveling to Minnesota would be no more
21 inconvenient than to New Jersey despite fewer flights and lack of a non-stop flight to Minnesota).
22 Like the plaintiffs in *Ricoh*, Plaintiffs' witnesses will have to travel thousands of miles regardless of
23 whether the case is transferred and they will not be significantly more inconvenienced by having to
24 travel slightly further.

25 Plaintiffs also argue that they chose this venue because they are more likely to find expert
26 witnesses in this district. "The convenience of expert witnesses, however, is given little weight"
27 when determining venue. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001).

28

5

1  However, Plaintiffs have not named any particular expert nor have they demonstrated that Arizona is
2  not equally rich in expert witnesses.  Thus, the convenience of Plaintiffs' potential expert witnesses
3  is not afforded any weight.
4  On balance, the convenience of the parties and witnesses weighs in favor of transfer.
5  OmniMount will benefit from transfer and Plaintiffs will not be significantly more or less
6  inconvenienced by transfer.  Accordingly, this factor weighs in favor of transfer.

**3.     The Ease of Access to Sources of Proof.**

Access to evidence is another factor that may favor transfer.  *Gulf Oil Co.,* 330 U.S. at 508.
OmniMount states that its documents are located in Arizona.  The Plaintiffs only contend that
having a local office will enable them to store documents easily.  Therefore, on balance, this factor
weighs in favor of transfer.

**4.     The Local Interest.**

Another consideration in a decision to transfer venue is the local interest in having localized
controversies decided at home.  *Gulf Oil*, 330 U.S. at 508.  Because neither party has demonstrated
that either forum would have a stronger interest in this case, the Court finds this factor to be neutral.

**5.     Familiarity of Each Forum with the Applicable Law.**

Neither of the parties state that either Arizona or California has the appropriate expertise for
handling this matter.  Therefore, the Court finds this factor to be neutral.

**6.     Relative Court Congestion in Each Forum.**

OmniMount did not address court congestion in its original motion to transfer venue.
However, Plaintiffs contend that this Court is less congested than the District of Arizona.  (Berman
Decl. ¶ 19-20.)  OmniMount replies that any difference between court congestion in California and
Arizona is insignificant and should hardly be considered.  (Reply Br. at 8.)

Although small, the relative court congestion is a factor the Court considers.  However, this
factor weighs only slightly against transfer, because this district actually had a greater number of
civil cases during the twelve months ending on September 30, 2005, and the District of Arizona took
only slightly longer than this district to dispose of civil cases.

6

**CONCLUSION**

For the reasons stated herein, OmniMount's motion to transfer is GRANTED. The Clerk is directed to transfer this case, forthwith.

**IT IS SO ORDERED.**

Dated: October 5, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE